Dear Ms. Boudreaux:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask how the St. Bernard Parish Home Rule Charter, Sections 2-17(d) and 2-11(a)(7), should be interpreted with regard to council authority in regulating fees. You also state that your request for this opinion arose in a discussion of Attorney General Opinion Number 06-0164. In that opinion this office opined that all proposals to levy a new or increase an existing sales and use tax, charge, or fee shall be submitted to the voters for approval in accordance with the election laws of the state. We also said that the St. Bernard Parish Council is not permitted to suspend the provision requiring all proposals to levy or increase fees and charges be approved by the voters of St. Bernard Parish.
To answer your question, Sections 2-17(d) and 2-17(e) and 2-11(a) (7) must be analyzed. These provisions are as follows:
Section 2-17. Power to levy taxes.
 (d) All proposals to levy a new or increase an existing sales and use tax, charge, or fee shall be submitted to the voters for approval in accordance with the election laws of the state.
 (e) All tax proposals requiring a vote of the electors must be approved by a favorable vote of at least two-thirds (2/3) of the total membership of the council prior to submission of the proposal to the voters. *Page 2 
 Section 2-11. Action requiring an ordinance.
 (a) An act of the council having force of law shall be by ordinance. An act requiring an ordinance shall include but not be limited to those which:
 (7) Regulate the rate or other charges for service by the parish government;
Louisiana jurisprudence has discussed the difference between a "tax" and a "fee." According to Audubon Insurance Company v. Bernard,434 So.2d 1072 (La. 1983), the Louisiana Supreme Court held:
 It is well settled generally and in Louisiana that not every imposition of a charge or a fee by the government constitutes a demand for money under its power to tax. If the imposition has not for its principal object the raising of revenue, but is merely incidental to the making of rules and regulations to promote public order, individual liberty and general welfare, it is an exercise of the police power.
In contrast, the court in Audubon (supra) stated:
 But if revenue is the primary purpose for an assessment and regulation is merely incidental, or if the imposition clearly and materially exceeds the cost of regulation or conferring special benefits upon those assessed, the imposition is a tax.
It appears that Section 2-17(d) and (e) deal with the parish's taxing power and raising revenue as the primary purpose, while Section 2-11(a)(7) deals with the parish's police power and implementing fees to offset the cost of government services.
It is apparent from reading the sections from the St. Bernard Parish Home Rule Charter that Sections 2-17(d) and 2-17(e) require proposals to levy a new or increase an existing sales and use tax, charge, or fee to be approved by two-thirds (2/3) of the total council before it is submitted to the voters for their approval.
When reading Section 2-11(a) (7), it could be argued that this section allows the council to regulate the rate or other charges for service by the parish government by adopting an ordinance. While this may be the case for increasing the charge for garbage collection or for water, Section 2-11(a) (3) is more specific in dealing with levying taxes or assessments. *Page 3 
This subsection is as follows:
 (a) An act of the council having the force of law shall be by ordinance. An act requiring an ordinance shall include but not be limited to those which:
 (3) Levy taxes or assessments as provided by law in accordance with section 2-17;
Accordingly, Section 2-17(d) and 2-17(e) require approval of 2/3 of the total council before a vote is submitted to voters to levy taxes or assessments.
It must be noted that Section 2-17(d) of the Home Rule Charter requires that proposals are to be submitted to the voters "in accordance with the election laws of the state." The state statute which governs voting on these proposals is LSA-R.S. 18:1284 which states:
Section 1284. Resolution calling election; proposition.
 A. The election shall be ordered by a resolution of the governing authority of the political subdivision which shall state the purpose for which it is called.
 B. If the purpose of the election is to authorize the issuance of bonds, the resolution and the proposition submitted to the voters shall state the purpose for which the bonds are to be issued and, if required by the law pursuant to which the bonds are issued, the maximum amount of the bonds to be issued, the number of years for which the bonds are to run, and the maximum rate of interest on the bonds.
 C. If the purpose of the election is to authorize the levy or increase of a special tax, the resolution and the proposition submitted to the voters shall state the rate, object, and purpose for which the tax is to be levied or increased; the estimated amount reasonably expected to be collected from the levy or increase of the tax for one entire year at the time it is proposed; and, if it is to be limited as to duration, the number of years it is to run.
 D. If the purpose of the election is to authorize the assumption of indebtedness, the resolution and the proposition submitted to the voters shall state the amount and nature of the debt to be assumed. *Page 4 
 E. In each election ordered by a governing authority of a political subdivision for the purpose of authorizing the issuance of bonds, the proposition on the ballot submitted to the voters shall state the kind and source of revenues which are pledged to retire the bonds.
 F. (1) The preparation of the statement of the proposition to be submitted to the voters at an election shall be the responsibility of the governing authority of the political subdivision ordering the election. The statement of the proposition shall also include a simple and unbiased concise summary in easily understood language which sets forth the substance of the proposition. The statement of the proposition, including the summary, shall not exceed four hundred words in length. Such summary shall be set in all capital letters and shall be placed at the beginning of the statement of the proposition.
 (2) The secretary of state shall be responsible for ensuring that the statement of the proposition contains the summary as provided in Paragraph (1), of this Subsection.
Section 1284 requires a resolution, rather than an ordinance of the governing body of a political subdivision to order an election. A proposal to levy or increase taxes, charges, or fees does not become law until it is approved by the voters. Also, since Section 1284 is a state statute which governs the procedure a political subdivision must follow to order an election, this state statute must be followed rather than Section 2-11(a)(3) of the St. Bernard Parish Home Rule charter. Please note that neither Section 2-17(d) nor 2-17(e) require that the proposal submitted to the voters be an ordinance.
On the other hand, it appears that regulating the rates or other charges for services by St. Bernard Parish can be effected by the adoption of an ordinance of the council. There may be a question of what is a Section 2-17(d) "charges" which must go to the voters to be approved and what is a Section 2-11(a)(7) "charge for service" which can be effected by passage of an ordinance. Since this is an area of uncertainty, it is suggested that your council may address this by clarifying the definitions of both terms in a amendment to your home rule charter. The procedure for this is set out in Section 7-04.
In summary, when following the applicable Sections of the St. Bernard Parish Home Rule Charter [Sections 2-17(d) and 2-17(e)] and the state statute found in the Louisiana Election Code (LSA-R.S. 18:1284), a resolution for a tax must be approved by two-thirds (2/3) of the total council before the proposal can be placed on a ballot for voter approval. In contrast, if the council is regulating a fee, *Page 5 
the rate or other charge for service by your parish government, it can be accomplished by adoption of an ordinance by the council.
We trust this sufficiently answers your question. However, if you should need any additional information do not hesitate to contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:___________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
 CCF, Jr.:FJP:sc